**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

LEONARD MULLINAX,

       *Petitioner,*

  v.

WARDEN STEVIE M. KNIGHT,

       *Respondent.*

No. 22-cv-6656 (MEF)

**OPINION and ORDER**

\*    \*    \*

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the facts and procedural history of this case.

\*    \*    \*

The Petitioner[1] is a federal prisoner challenging an aspect of his sentence under 28 U.S.C. § 2241.  See Petition (ECF docket entry 1).

In 2018, he was sentenced to a term of incarceration of 175 months --- plus 60 extra months, to run consecutively to the 175 months, for a gun crime.  See United States v. Mullinax, No. 18-cr-87, ECF 527, at 1–2 (E.D. Tenn. June 22, 2018).  The Bureau of Prisons aggregated all this into a 235-month term.  See Wilson Declaration, ¶ 4 (ECF 6-1).

Under a federal law, prisoners who complete certain programs or activities "shall earn time credits . . . toward prerelease custody or supervised release."  18 U.S.C. §§ 3632(d)(4)(A),(C).  But credits are not available for prisoners "serving a sentence for a conviction" of certain listed offenses --- and one of those is the Petitioner's gun conviction.  See 18 U.S.C. §

---

[1]  Leonard Mullinax.

3632(d)(4)(D)(xxii) (citing 18 U.S.C. § 924(c)).

Here, the Petitioner was denied the referenced credits based on the gun offense.  See Wilson Declaration, ¶ 5.

And he contends this got it wrong.  See Petition at 4-5.  He is not yet serving the 60-month sentence for his gun crime, the argument goes.  See id.  And he should be able to earn credits on the non-gun part of his sentence, which covers his first 175 months in prison --- a period he is still in.  See id.

But this argument does not work.

It has been rejected by the Third Circuit.  See Teed v. Warden Allenwood FCI Low, 2023 WL 4556726, at *1–*2 (3d Cir. July 17, 2023).

And by courts around the Nation.  See, e.g., Oiler v. LeMaster, 2025 WL 1864875, at *1 (6th Cir. Jan. 10, 2025); Bonnie v. Dunbar, 157 F.4th 610, 616, 618-19 (4th Cir. 2025); Giovinco v. Pullen, 118 F.4th 527, 529-32 (2d Cir. 2024); Martinez v. Rosalez, 2024 WL 140438, at *4 (5th Cir. Jan. 12, 2024); Sok v. Eischen, 2023 WL 5282709, at *1 (8th Cir. Aug. 17, 2023); see also Ulloa v. Warden, FCI Fort Dix, 2026 WL 1552296, at *2 (D.N.J. June 2, 2026); Feliciano v. Warden of FCI-Schuylkill, 2026 WL 1242908, at *1 (M.D. Pa. May 6, 2026); United States v. Rodriguez, 2025 WL 1284773, at *1 (W.D. Pa. May 2, 2025).

Under the federal law he cites, the Petitioner is not eligible to receive the credits he seeks.  His Petition is therefore denied.

*    *    *

IT IS on this 22nd day of June, 2026, **SO ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

2